Welch, J.
It is insisted, in the first place, that the indictment ■under which the defendant was convicted is a nullity, because of the pendency of a former indictment for the same offense, at the time it was found. We know of no such law. The last indictment is as valid as the first. Two indictments for the same offense are often pending at the same time. The state can only proceed upon one of them, but may elect upon which it will proceed. Of course, the right of election implies that both are good and lawful indictments.
It is also contended that the indictment is insufficient because it does not show the age of the child. The indictment *is not for attempting to carnally know and abuse her with her consent, but for attempting to carnally know her forcibly and against her will. The age of the female is therefore immaterial, excej>t so far as it may tend to show that the act'was forcible and against her will. It is mere matter of evidence, and not of allegation in the indictment. It is only necessary to allege the age when the indictment is for carnally knowing and abusing, with the child’s consent. There is no such crime known to our law as an assault with intent *477 to carnally know and abuse a child under ten years of age with her consent. Smith v. The State, 12 Ohio St. 466.
We see nothing, therefore, in the objections to the indictment to< justify a reversal of the judgment.
Did the court err in its instructions to the jury ? The first proposition of the charge was that a female under the age of ten years is-presumed incapable of consenting to an act of carnal knowledge, or ■ any assault with intent to commit the act. We hold this to be the-law of the case. It seems to have been at all times the rule of the - common law. True, it is an arbitrary rule, the intelligence of the child depending much upon climate, modes of life, social customs,- and education. All will admit, however, the necessity of some such-rule. Some age must be fixed upon below which no child would be deemed capable of giving that intelligent consent which would, in the eyes of just people, be any excuse, or even mitigation, of an act of carnal knowledge, beyond what would exist were it actually against the will of the child. Ten years is, perhaps, as safe as any age that can be fixed upon. The strict rule will hardly ever be actually resorted to in practice, because in almost all eases there will ■ be some evidence, pro or con, to show the actual degree of intelligence of the child; and in all cases it will be a question of fact for the jury, whether the child did in fact understand the nature of the act. Of course, the presumption grows weaker and weaker as the child approximates the age of ten, amounting to little more than a nominal presumption during the latter part of the period.
But the court say that, in order to give such consent, “ the will of the child must be so far under the enlightened ^guidance and control of the other faculties, that the mind can fairly comprehend the nature and 'judge of the consequences of the act.” Without saying that this instruction was positively erroneous, we apprehend. that it would in many cases be calculated to mislead the jury, by being understood to require too high a degree of intelligence in the female. We would prefer to put the rule in words less broad and comprehensive, and less metaphysical, merely leaving it to the jury to say whether the female in fact understood the nature of the act —whether she had such knowledge on the subject as females at the age of ten usually have.
We are satisfied, however, that the court erred in charging the - jury that, in order to rebut the presumption of inability on the part of the female to consent, the evidence of the defendant must-.. *478 prove her ability “ beyond a reasonable doubt.” A bare preponderance of evidence is all that should be required for that purpose. To hold otherwise would be to resolve a doubt against the defendant, which the law never does in a criminal case, preferring always the acquittal of the guilty to the conviction of the innocent.
We are also clear in the opinion that the verdict of the jury was contrary to evidence, and that the court should have allowed a new trial upon that ground. The testimony satisfies us that she had quite intelligence enough and knowledge enough to enable her to understand substantially the nature of the act attempted, and to render her actual consent inconsistent with the legal idea of an assault. Had the defendant been over seventeen years of age, and had the act been consummated, we have no doubt but the defendant would have been guilty of “ carnally knowing and abusing her with her consent.” The legal idea of “ consent ” in the one case is the same as in the other; and if its presence in the one works a conviction of carnal knowledge and abuse, its presence in the other must work an acquittal of rape, or assault with intent to commit a rape.
Whether the refusal of the court to grant a new trial, on the ground that the verdict was against the weight of the evidence, can be made the ground of reversal in a criminal case, is a question which does not seem to have been considered *by counsel. The refusal is assigned for error, hut it is not insisted upon as such in the argument. At common law no such error could be assigned, either in a criminal or civil case; and our statutes (that of 1845 and the present statute of 1858, S. & C. 1155) allowing the facts of a case thus to be reviewed on error, seem to confine the remedy exclusively to civil actions. Bat the act of 1831 (S. & C. 1187) allowing writs of error in criminal cases, makes it the duty of the court to sign and seal bills of exception in criminal cases, in the same manner and form as in civil cases, and declares that they “ shall have the same force and effect as in civil cases.” No good reason is perceived, either in justice or upon principles of policy, why the remedy should be allowed in a civil action, and refused in a criminal prosecution. So far as we know, it has been the practice of this court, although there may be no direct holding to that effect, to allow the remedy in both cases alike. See Loeffner v. The State, 10 Ohio St. 58, and Breese v. The State, Id. 146. The case of Whitcomb v. The State, 14 Ohio, 232, decided soon *479 •after the passage of the first act allowing the remedy in civil cases, may seem to indicate a contrary holding. But the case is not to be so understood; for the bill of exceptions in that case did not ■set forth all the testimony, and, of course, laid no proper ground for such an assignment of error.
We are of opinion, therefore, that the court below erred, both in its instruction to the .jury, and in its refusal of a new trial upon the ground that the verdict was contrary to the weight of the evidence, and reverse the judgment on both grounds.

Judgment reversed, and cause remanded for a new trial and further proceedings.

Day, C. J., and Brinkerhoee and Scott, JJ., concurred.